**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JAMES LEE FRANK,

      Petitioner,

                                  CASE NO. 05-CV-70705-DT
v.                                HONORABLE BERNARD A. FRIEDMAN
                                CHIEF UNITED STATES DISTRICT JUDGE

BARRY D. DAVIS,

      Respondent,

_____/

### OPINION AND ORDER OF SUMMARY DISMISSAL

      James Lee Frank, ("petitioner"), presently incarcerated at the Marquette Branch Prison in Marquette, Michigan, has filed a *pro se* application for writ of habeas corpus with this Court pursuant to 28 U.S.C. § 2254, in which he challenges his conviction for first-degree home invasion, M.C.L.A 750.110a(2); and felonious assault, M.C.L.A. 750.82. For the reasons stated below, the instant petition is dismissed without prejudice.

### I. Background

      Petitioner was convicted of the above offenses following a jury trial in the Alpena County Circuit Court. Petitioner's conviction was affirmed on appeal by the Michigan Court of Appeals. *People v. Frank,* 249151 (Mich.Ct.App. November 4, 2004). Petitioner did not file an application for leave to appeal to the Michigan Supreme Court.

1

Petitioner has now filed the instant application in which he seeks habeas relief on the following grounds:

> I.  Petitioner was deprived of his constitutional rights to due process and equal protection of the law where the state deprived him of an adequate right to appeal.
>
> II.  Petitioner was deprived of the effective assistance of counsel on appeal where appellate counsel violated the Michigan standards for indigent criminal defense services.

## II.  Discussion

The instant petition must be dismissed without prejudice, because petitioner has yet to exhaust his claims with the state courts.

A prisoner seeking federal habeas relief must first exhaust his or her available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c); *Picard v. Connor*, 404 U. S. 270, 275-78 (1971).  In order to exhaust a claim for federal habeas review, a petitioner must present each ground to both state appellate courts, even where the state's highest court provides only discretionary review. *See Regan v. Hoffner,* 209 F. Supp. 2d 703, 710, n. 3 (E.D. Mich. 2002)(citing *O'Sullivan v. Boerckel,* 526 U.S. 838, 845-47 (1999)). Therefore, a prisoner confined pursuant to a Michigan conviction must raise each habeas issue in both the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief. *Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).  A habeas petitioner has the burden of proving that he or she has exhausted his or her state court remedies. *Sitto v. Bock,* 207

2

F. Supp. 2d 668, 675 (E.D. Mich. 2002).  A federal district court should generally dismiss a petition for writ of habeas corpus that contains any unexhausted claims. *See Rose v. Lundy,* 455 U.S. 509, 510, 522, (1982); *Regan v. Hoffner,* 209 F. Supp. 2d at 710, n. 3.

Petitioner's claim that the Michigan Court of Appeals deprived him of an adequate right to appeal by deciding his case on less than a full transcript is subject to the exhaustion requirement. *See e.g. Jones v. Burris,* 825 F. Supp. 860, 861 (N.D. Ill. 1993)(inmate could not maintain § 1983 suit seeking injunctive relief, as claim that state had not provided him with sufficient trial court records to ensure fair appellate review of his criminal convictions was at heart an attack on the legality of his custody, for which habeas corpus, with its concomitant exhaustion-of-state-remedies requirement, was his exclusive federal remedy). Likewise, a claim of ineffective assistance of appellate counsel is subject to the exhaustion requirement if the state provides a post-conviction remedy by which the petitioner may present the claim independent of any reliance on his appellate counsel. *See McCool v. New York State,* 29 F. Supp. 2d 851, 858 (W.D.N.Y. 1998).

Petitioner has an available state court remedy with which to exhaust his claims.  Exhausting state court remedies in this case requires the filing of a post-conviction motion for relief from judgment under Michigan Court Rule 6.500. *See Mikko v. Davis,* 342 F. Supp. 2d 643, 646 (E.D. Mich. 2004).  Petitioner could

3

therefore exhaust his claims by filing a post-conviction motion for relief from judgment with the Alpena County Circuit Court under M.C.R. 6.502.  A trial court is authorized to appoint counsel for petitioner, seek a response from the prosecutor, expand the record, permit oral argument, and hold an evidentiary hearing. M.C.R. 6.505-6.507, 6.508 (B) and (C).  Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *See Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997).

Petitioner has failed to exhaust his state court remedies and still has an available state court remedy with which to do so.  Although a district court has the discretion to stay a mixed habeas petition containing both exhausted and unexhausted claims to allow the petitioner to present his unexhausted claims to the state court in the first instance, *See Rhines v. Weber,* 125 S. Ct 1528 (2005), in this case, a stay of petitioner's application for a writ of habeas corpus would be inappropriate, because all of petitioner's claims are unexhausted and thus, the Court lacks jurisdiction over the petition while the petitioner pursues his claims in state court. *See Hust v. Costello,* 329 F. Supp. 2d 377, 380 (E.D.N.Y. 2004); *See also McCreary v. Smith,* 2005 WL 1349114, * 3 (E.D. Mich. May 25, 2005).

4

## III. ORDER

Accordingly, the Petition for Writ of Habeas Corpus is **DISMISSED WITHOUT PREJUDICE.**

       _____s/Bernard A. Friedman_____
**HON. BERNARD A. FRIEDMAN**
**CHIEF UNITED STATES DISTRICT JUDGE**

DATED: October 17, 2005